IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT A. STANLEY,

        Petitioner,

v.                                   CASE NO. 4:09cv162-SPM/CAS

SECRETARY, DEPT. OF
CORRECTIONS,

        Respondent.
_____/

## **ORDER**

THIS CAUSE comes before the Court on the magistrate judge's report and recommendation dated November 28, 2011. Doc. 24. Petitioner filed an objection, pursuant to Title 28, United States Code, Section 636(b)(1). Doc. 25. Despite the objection, I have determined that the report and recommendation is correct and should be adopted.

The objection raised by Petitioner fails to show that the denial of relief by the state court was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. Moreover, there is a lack of consistency in the legal and factual

positions taken by Petitioner.[1] The report and recommendation does an excellent job of going through each issue and explaining why relief must be denied. Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. The magistrate judge's report and recommendation (doc. 24) is ADOPTED and incorporated by reference in this order.

2. The petition for writ of habeas corpus filed by Scott A. Stanley, challenging the judgment in case number 2004-CF-2759, imposed by the Second Judicial Circuit, in and for Leon County, Florida, is denied.

---

[1] For example, regarding the concession of guilt, Petitioner's trial testimony was that he placed Berry's number on auto dial (doc. 25 at 5) but he also states that he maintained his innocence and provided counsel with this "hypothetical explanation" for the calls (doc. 25 at 38). Petitioner complains that defense counsel conceded his guilt by mentioning the calls in his opening statement (doc. 25 at 84), yet Petitioner acknowledges that if he made the calls though auto dial for the purpose of preventing Berry from calling him, he should not be guilty of aggravated stalking (doc. 25 at 5). Indeed, defense counsel's opening statement proceeded in this vein. As quoted in the Report and Recommendation, defense counsel explained in his opening statement:
> And he puts the phone on call-back and he called back several times. Nobody ever picks up the phone after that. . . . [B]ut was this an aggravated stalking? No. We're talking about phone calls on call-back and nothing more, and the scenario in which Mr. Stanley was under the impression that she had lifted the injunction. That's what this case is about.

Doc. 24 at 18. The state court correctly recognized that defense counsel's opening statement was not a concession of guilt and that defense counsel made reasonable arguments that Petitioner was not guilty of aggravated stalking given the circumstances of the situation. Doc. 24 at 13-14, 17-18.

CASE NO. 4:09cv162-SPM/CAS

3.  A certificate of appealability is denied.

DONE AND ORDERED this 10th day of April, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge