# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

SCOTT A. STANLEY,

    Petitioner,

v.                                  CASE NO. 4:09cv162-SPM/CAS

SECRETARY KENNETH S. TUCKER,

    Respondent.

_____/

## O R D E R

This cause is before the court on Petitioner's Motion for Extension of Time and Equal Access to the Court. (Doc. 36). The petitioner seeks an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A)(ii). The petitioner also seeks equal access to the PACER electronic filing system.

With regard to the extension of time, the petitioner is not entitled to an extension of time under Federal Rule of Appellate Procedure 4(a)(5)(A) because more than 60 days have passed since the October 19, 2012, Order (doc. 32) denying the motion to alter judgment.[1] *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1055 n.1 (11th Cir. 1986). The petitioner may, however, be eligible for relief under Federal Rule of Civil Procedure 60(b)(6), which would entail an order from this court vacating the October 19, 2012, Order and reenterring it to open the time to file an appeal. *Id.* at 1056. Although the petitioner has not sought such relief, the court will recharacterize his motion as a motion under Rule 60(b)(6) and allow the respondent an opportunity to respond.

As for the petitioner's request for access to PACER, the court adopts the November 21, 2011, ruling by the magistrate judge (doc. 23) instructing the petitioner on how he can

---

[1] In accordance with Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), the notice of appeal was due 30 days after the Order was issued, i.e. November 19, 2012. A district court may extend the time for filing a notice of appeal under Rule 4(a)(5)(A)(i) on a motion filed no more than 30 days after the time for filing the notice of appeal, which in this case would be December 19, 2012. Because Petitioner filed his motion for extension of time on February 4, 2013, it is untimely.

access PACER and the limitation on access to the court's Electronic Case Filing system. Moreover, as there is little to no additional filing required in this case, there is no cause to establish special rules of access as requested by the petitioner.

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1. The respondent shall have up to and including March 8, 2013, to file a response to the petitioner's motion, which is recharacterized as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).

2. The petitioner's request for equal access to PACER is DENIED.

**SO ORDERED** this 25th day of February, 2013.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**